**FILED**
MAR 2 1 2008

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

*************************************************************************

| | | |
|---|---|---|
| THE ESTATE OF ELROY A. WIETING, CHAD A. WIETING, Personal Representative; CAROL A. WIETING, KRISTINE J. SMITH, TERESA M. EHRISMAN and CHAD A. WIETING, | * * * * * * | CIV 07-3023 |
| Plaintiffs, | * * | |
| -vs- | * * | ORDER AND OPINION |
| ROGER PAUL BURNS and PAUL RYAN BURNS, | * * * | |
| Defendants. | * * | |

*************************************************************************

The defendants have filed a motion for summary judgment (Doc. 9) supported by other documents as required by local rules. Plaintiffs have filed their resistance documents and the court has read all documents filed. This includes all affidavits, supplemental affidavits, and briefs.

The defendants claim, inter alia, that the expert witness for plaintiffs does not know the definition of reasonable medical certainty or probability. That is not a fair assessment of the testimony of the witness. He did state that no one had ever explained the meaning of the terms to him but then went on to provide his definition, namely something that has a probability of 80-90%. Such percentages would easily meet the legal definition of either of the terms. The rule is clear that a witness cannot vary earlier testimony by a supplemental affidavit. The affidavit from Dr. Randall certainly does not "fly in the face" of his court testimony and I will consider it as part of the record.

Defendants emphasize that defendant Roger Paul Burns ("Roger") never touched the decedent. While that is true, the fact remains that the expert for plaintiffs has expressed his expert opinion that the death was caused by the sequence of events in the

altercation involving the decedent. He has not testified that a blow or blows struck by Paul Ryan Burns ("Paul") caused the death. This is despite the fact that there is evidence that Paul hit the decedent three times with his fist and with his forearm two or three times. Clearly, both defendants were involved in the altercations in the business establishment owned by the decedent. Even apart from the blows struck to the decedent, all such activities could easily cause a great deal of stress to the owner of the business. No owner would want a series of fights taking place in the bar in the presence of many other customers. No owner would want to be assaulted and pushed into a display of merchandise in the presence of employees and customers. Roger had been causing a great deal of trouble in the business establishment and finally was assaulting an employee of the decedent, also very possibly all causes of extreme stress to the owner. Both defendants were allegedly intoxicated and in a "fighting mood." Had not Roger interfered with the removal of Paul from the bar and distracted the security guard, there would have been no physical assault on the decedent. Roger directly facilitated what happened by way of his son physically assaulting the decedent.

The decedent was without dispute an "egg-shell" victim. It is a well known principle of law that alleged tort-feasors take the victim as they find him. That principle is true in this case. The victim was 53 years of age at the time of his death.

There are without question many material and genuine issues of fact present in this case. The jury should resolve these questions. The motion for a summary judgment should be denied as to both defendants.

Now, therefore,

IT IS ORDERED that the motion for summary judgment (Doc. 9) is denied.

Dated this 21st day of March, 2008.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY
    DEPUTY
(SEAL)